UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
UNITED STATES OF AMERICA,

                   *SUA SPONTE*
                   REPORT AND
   v.              RECOMMENDATION

                   21-CR-206
                   (Gujarati, J.)
                   (Marutollo, M.J.)

KAREEM EVERSON,

      Defendant.

-------------------------------------------------------------------X

**JOSEPH A. MARUTOLLO, United States Magistrate Judge:**

  On July 29, 2022, the Court accepted the guilty plea of Defendant Kareem Everson to Counts Three and Four of the Indictment. *See* Dkt. No. 86. On November 9, 2022, the Court entered judgment against Everson. *See* Dkt. No. 142. On November 21, 2022, Everson appealed the final judgment to the United States Court of Appeals for the Second Circuit. *See* Dkt. No. 148.

  On March 23, 2023, Attorney Anna M. Skotko, Esq. was appointed as counsel to represent Everson in his appeal pursuant to the Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A. *See United States v. Ellison (Everson)*, 22-3002 (2d Cir. Mar. 23, 2023), ECF Nos. 26-27.[1]

  On August 6, 2024, the Second Circuit issued an order remanding Everson's case pursuant to *United States v. Jacobson*, 15 F.3d 19 (2d Cir. 1994), "for the district court to supplement the record regarding its reasons for imposing the [consent-to-search special condition of supervised release] and consider whether the condition should be modified under Fed. R. Crim. P. 32.1(c)." ECF No. 70.

---

[1] Citations to the appellate court docket are designated as "ECF No.," whereas citations to the district court docket are designated as "Dkt. No."

By letter dated August 7, 2024, Skotko requested, in this Court, that she be appointed as CJA counsel to represent Everson in the limited remand proceeding before this Court. Dkt. No. 183. For the reasons set forth below, the undersigned respectfully recommends that Skotko's request be **GRANTED.**

I.  **Background**

The Court assumes the parties' familiarity with the facts and procedural history of this case.

On April 14, 2021, Everson was indicted on charges related to conspiracy to committee bank fraud and bank fraud. Dkt. No. 1. On February 21, 2021, CJA counsel was assigned to represent Everson. Dkt. No. 26.

On July 29, 2022, the Court accepted the guilty plea of Everson to Counts Three and Four of the Indictment. *See* Dkt. No. 86. On November 9, 2022, Everson was sentenced to 24 months' incarceration on each count, to run concurrently to each other and consecutively to the undischarged term of imprisonment from Everson's April 23, 2018 conviction in Kings County Supreme Court, to be followed by 2 years' supervised release on each count, to run concurrently. Dkt. No. 141. A special assessment of $200 was also imposed. *Id.* In addition, the Court ordered restitution in the amount of $33,309.12, and an order of forfeiture in the amount of $33,309.10, dated October 6, 2022, was also made part of the judgment. *Id.* A final judgment was entered against Everson on November 9, 2022. Dkt. No. 142.

On November 21, 2022, Everson appealed the final judgment to the United States Court of Appeals for the Second Circuit. Dkt. No. 138. The government moved to dismiss the appeal based on the appellate waiver contained in Everson's plea agreement. ECF No. 13. On March 23, 2023,

Skotko was appointed as counsel to represent Everson in his appeal pursuant to the CJA. ECF Nos. 26-27.

After examining the record and finding no non-frivolous issues to be raised on appeal, Skotko prepared a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967) and requested that she be relieved as counsel to Mr. Everson. ECF Nos. 38, 41.

On July 2, 2024, the Second Circuit deferred ruling on Skotko's *Anders* motion and denied the government's motion to dismiss without prejudice. ECF No. 62. The Second Circuit reasoned that the "*Anders* motion fails to address all of the components of the sentence and therefore falls short of the requirements articulated by this Court in *United States v. Gomez-Perez*, 215 F.3d 315 (2d Cir. 2000)." ECF No. 62 at 1-2. The Second Circuit added, "[a]s we recently reiterated in *United States v. Reyes-Arzate*, counsel filing an *Anders* motion must address the scope of the appeal waiver and any issues that are not unambiguously covered by it." *Id.* (citing 91 F.4th 616, 622 (2d Cir. 2024)). The Second Circuit explained that "[n]otably, here, the supervised release conditions do not appear to be covered by the appeal waiver; however, counsel has not addressed them in her motion." ECF. No. 62 at 2.

The Second Circuit further ordered Skotko to file either (1) a supplemental brief in support of the *Anders* motion addressing all aspects of the sentence not covered by the appellate waiver or (2) a motion to withdraw the *Anders* motion and a merits brief addressing the substance of the non-frivolous issues for appeal. *Id*. Skotko was "directed to evaluate all conditions of supervised release imposed, and to determine whether they comply with 18 U.S.C. §3583(d) and whether the District Court articulated a sufficiently particularized basis for imposing them." *Id.* at 3. Specifically, the Second Circuit directed Skotko "to the following broad search condition imposed by the sentencing court," namely:

3

> The defendant shall submit his person, property, house, residence, vehicle, papers, ***computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media***, or office to a search conducted by a United States probation officer. Failure to submit to a search may be grounds for revocation of release. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition. An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that the defendant has violated a condition of his supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

*Id.* at 2 (citation omitted and emphasis in original). The court noted that "it does not appear that the sentencing court articulated any basis for the imposition of this broad search condition in a case involving purely financial crimes." *Id.*

On July 24, 2024, Skotko filed a joint motion for a limited remand to allow the district court to supplement the record regarding the imposition of a special condition of supervised release and consider any proposed modifications pursuant to Fed. R. Crim. P. 32.1(c). ECF No. 63.

On August 6, 2024, the Second Circuit issued an order remanding Everson's case pursuant to *Jacobson* for "the district court to supplement the record regarding its reasons for imposing the [consent-to-search special condition of supervised release] and consider whether the condition should be modified under Fed. R. Crim. P. 32.1(c)." ECF No. 70.

By letter dated August 7, 2024, Skotko requested that she be appointed as CJA counsel to represent Everson in the limited remand proceeding before this Court. Dkt. No. 183.

On August 7, 2024, the Court entered an order directing Skotko to file a motion for pro hac vice admission by August 9, 2024. Dkt. No. 183. Skotko was subsequently admitted to this Court on August 9, 2024, and thus, a motion for pro hac vice was no longer necessary. *See* Aug. 9, 2024 Dkt. Order.

4

**II.     Discussion**

Pursuant to 18 U.S.C. § 3006A(a), this Court has adopted a Revised Plan for Furnishing Representation Pursuant to the CJA (the "CJA Plan") "for furnishing representation in federal court to persons financially unable to obtain adequate representation, who are eligible for the same under the [CJA]." *See* CJA Plan § I.

The CJA Plan "provides for the furnishing of legal services by a Community Defender Organization as provided in 18 U.S.C. § 3006A(g)(2)(B) and for the continued assignment and compensation of private counsel from a list maintained by the Clerk of Court (the 'CJA Panel List') in cases in which there is a demonstrated need. The attorneys whose names appear on the list shall be selected by the Court in accordance with the procedures in this Plan." *Id.* § II(B).

Skotko is not a member of the CJA Panel in this District. Under the CJA Plan, this does not preclude her appointment, but the appointment may only be made for "extraordinary reasons" and upon notice to the Chief Judge of the Court. Specifically, Section VIII(E) of the CJA Plan provides, in relevant part:

> Retained counsel will not be assigned by the presiding judicial officer except for extraordinary reasons and upon notice to the Chief Judge. If the judicial officer finds that, due to extraordinary circumstances, a defendant cannot be effectively represented by the [Federal Defenders of New York] or an attorney from the CJA Panel, the judicial officer may, upon a finding of financial need, assign counsel to represent the defendant for this particular case, stating briefly the reason therefor. An attorney so assigned may seek reimbursement from the CJA Fund pursuant to this Plan.

Here, in order to ensure Everson's rights are fully protected during this limited remand, this Court respectfully recommends that Skotko's CJA representation be approved so that counsel may fully conclude the remand proceeding, in accordance with the Second Circuit's remand order and consistent with Skotko's appointment as Everson's CJA counsel by the Second Circuit.

Ultimately, based upon Skotko's representation of Everson on appeal, the Second Circuit's remand order, and the limited nature of the remand proceeding, the undersigned finds that there are extraordinary reasons to justify the appointment of counsel from outside the CJA Panel. Given, however, that the CJA Plan requires the "presiding judicial officer" to decide requests for any non-CJA appointment, the undersigned finds it prudent to present this finding in a report and recommendation. *Cf.* Cortez v. Griffin, No. 18-CV-766 (PAE) (DF), 2018 WL 11600200, at *3 (S.D.N.Y. June 1, 2018) (issuing a report and recommendation regarding a non-CJA appointment in habeas proceeding).

In accordance with Section VIII(E) of the CJA Plan, the undersigned will transmit a copy of this Report and Recommendation to Chief Judge Margo K. Brodie.

### III. Conclusion

Accordingly, for the reasons set forth above, this Court respectfully recommends that Skotko's request to be appointed as CJA counsel to represent Everson in the limited remand proceeding before this Court be **GRANTED.**

Any objections to this Report and Recommendation must be filed within 14 days after service of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(a) & (d) (addressing computation of days). Any requests for an extension of time for filing objections must be directed to Judge Gujarati. Failure to file objections within this period designating the particular issues to be reviewed waives the right to appeal the district court's order. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010); *Kotlyarsky v. United States Dep't of Just.*, No. 22-2750, 2023 WL 7648618 (2d Cir. Nov. 15, 2023); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

**SO ORDERED.**

Dated:   Brooklyn, New York  **SO ORDERED.**
August 9, 2024

  _/s/ Joseph A. Marutollo_
JOSEPH A. MARUTOLLO
United States Magistrate Judge